Lineberry v. Wilson

---

TIMOTHY DANIEL LINEBERRY v. TONY (NMN) WILSON

No. 7721SC666

(Filed 6 June 1978)

**Appeal and Error § 6.7— denial of motion to add liability insurer as defendant— premature appeal**

Purported appeal from the denial of plaintiff's motion to amend his complaint to add defendant's automobile liability insurer as a party defendant in plaintiff's action to recover for injuries suffered when he was struck by defendant's automobile is dismissed as premature. G.S. 1-277(a).

APPEAL by plaintiff from *Albright, Judge.* Order entered 20 June 1977 in Superior Court, FORSYTH County. Heard in the Court of Appeals 23 May 1978.

*Jenkins, Lucas, Babb and Rabil, by Jonathan V. Maxwell, for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson, by James H. Kelly, Jr., and Grover C. Wilson, for defendant appellee.*

VAUGHN, Judge.

This is an action to recover damages for injuries allegedly suffered by plaintiff when struck by an automobile operated by defendant. Defendant answered and denied negligence, among other things. Thereafter, plaintiff moved to amend his complaint to "[a]dd Nationwide Mutual Insurance Company to the list of defendants" and, in substance, to allege that defendant had in ef-

Lineberry v. Wilson

fect an automobile liability insurance policy with Nationwide. Plaintiff now attempts to appeal from the denial of his motion. The purported appeal is not from an order "which affects a substantial right claimed in any action or proceeding; or which in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action, or grants or refuses a new trial." G.S. 1-277(a). The attempted appeal is, therefore, fragmentary and premature.

We must also note that appellant has attempted to file a "Reply Brief," a practice expressly prohibited by Rule 28(h) of the Rules of Appellate Procedure.

The appeal is dismissed.

Dismissed.

Judges MORRIS and MARTIN concur.